IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 95-335-01 |
| | : |
| SAMUEL ROMAN | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JULY 7, 2008**

Presently before the Court is a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Defendant Samuel Roman ("Roman"). For the reasons set forth below, the Motion is denied.

**I.   FACTS**

On March 18, 1996, Roman pled guilty to two counts of possession with intent to distribute crack cocaine, violations of 21 U.S.C. § 841(a)(1). Pursuant to § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines"), these two offenses carried an offense level of 28. However, due to his past criminal history, Roman was found to be a career offender, and his offense level was increased to 34. The Court deducted three points for acceptance of responsibility, which resulted in an offense level of 31. Roman's criminal history category was calculated at VI. With a total offense level of 31, and a criminal history category of VI, the resulting Guideline range was 188-235 months of imprisonment. On October 16, 1996, this Court sentenced Roman to 188 months imprisonment, a sentence at the low-end of the Guideline range. Mr. Roman is scheduled to be released from prison on August 9, 2008.

Since the time of Roman's sentencing, the Sentencing Commission adopted Amendment 706, which altered § 2D1.1 of the Guidelines and reduced the sentencing ranges applicable to crack cocaine offenses.  See U.S.S.G. Supp. to App'x C, Amend. 706.  The Amendment reduced by two levels the base offense level for most crack cocaine offenses under § 2D1.1.  On December 11, 2007, the Commission voted to make these revised crack Guidelines retroactive.  See Id. at 1160.  As such, beginning March 3, 2008, any offender sentenced under §2D1.1 may move, based on the recent Amendment to that section, to have his sentence reduced pursuant to 18 U.S.C. § 3582.  Id.  Roman now seeks to have his sentence reduced pursuant to these recent amendments in the Guidelines and requests that this Court reduce his sentence pursuant to 18 U.S.C. § 3582.

## II.     STANDARD OF REVIEW

"Generally, a district court may not alter a term of imprisonment once it has been imposed."  U.S. v. Wise, 515 F.3d 207, 220 (3d Cir. 2008); see also 18 U.S.C. § 3582(c) (West 2008).  A court may, however, modify a defendant's sentence if the sentence was based on a range that is later reduced by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2).  That statute states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, in order to be eligible for a reduction under § 3582, a defendant's sentence must have been "based on" a sentencing range that is later reduced by the Commission, and a reduction in sentence must be consistent with the Commission's policy statement. Id. The Commission's policy statement is contained in § 1B1.10(a) of the Guidelines, which explains that a reduction in sentence "is not consistent with this policy statement if . . . . (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minium term of imprisonment)." See U.S.S.G. § 1B1.10(a). Thus, where a defendant was sentenced under a Guideline range that has not subsequently been reduced by amendment, § 3582 does not apply, and the defendant is not eligible for a reduction in sentence.

### III.   DISCUSSION

In order to determine whether Roman is eligible for a sentence reduction under § 3582, this Court must ascertain whether Roman's sentence was "based on" a Guideline range that was later reduced by the Commission. As noted above, the Commission recently amended § 2D1.1 of the Guidelines to allow for a two-level reduction for offenders sentenced under that section. See U.S.S.G. Supp. to App'x C, Amend. 706. Roman contends that he is eligible for a reduction under § 3582 because his sentence was based, at least in part, upon § 2D1.1, and therefore, his sentence was "based on" a Guideline range that has been lowered by the Commission.

Roman contends that his sentence was "based on" § 2D1.1 because it was the "starting point" of his sentencing calculation. (Def.'s Mot. 6.) He argues that this Court first calculated the Guideline range for the underlying offenses, and only after determining that range, did the

3

Court apply the enhanced range for career offenders. Thus, Roman argues that the § 2D1.1 was a factor in his sentencing, and that his sentence was "based, at least in part" on § 2D1.1. Roman's argument in this regard has been considered and rejected by other courts in this jurisdiction on numerous occasions. See U.S. v. Rivera-Crespo, 543 F. Supp. 2d 436 (E.D. Pa. 2008); U.S. v. Rivera, 535 F. Supp. 2d 527 (E.D. Pa. 2008); U.S. v. Poindexter, No. 00-406, 2008 WL 1946821 (E.D. Pa. May 2, 2008). In Rivera, the Court dealt with a case factually indistinguishable from that of Roman. 535 F. Supp. 2d 527, 527-28. Like Roman, the defendant in Rivera was sentenced as a career offender for underlying crack cocaine offenses. Id. at 528. In considering whether Rivera was eligible for a reduction in sentence pursuant to § 3582, the Court found that Rivera was ineligible for a reduction because he was sentenced under the career offender Guidelines of § 4B1, and not under the crack cocaine Guidelines set forth in § 2D1.1. Id. at 529-30. The Court further found that Rivera would have met the criteria for career offender status under § 4B1, regardless of the changes to § 2D1.1. Id. at 30. As such, the Amendment to § 2D1.1 had no effect on Rivera's sentencing range, as he was not sentenced under § 2D1.1. Id.

As in Rivera, Roman was also sentenced under the career offender Guidelines of § 4B1, and not under § 2D1.1. He too, would have met the criteria for career offender status, with or without the recent changes to § 2D1.1. See U.S.S.G. § 4B1. Amendment 706, therefore, had no effect on Roman's overall sentence because he was not sentenced under § 2D1.1. As such, he was not sentenced "based on" a sentencing range that was later reduced by the Commission. Furthermore, this finding is in keeping with the Commission's directives found in §1B1.10, where the Commission states that a reduction in sentence is only warranted where an Amendment has the effect of actually lowering the defendant's sentencing range. See U.S.S.G. §

1B1.10, Application Note 1(A); Rivera-Crespo, 543 F. Supp. 2d at 440.  Roman counters that the Court has authority to reduce his sentence despite the Commission's directives because § 1B1.10 has become advisory following the Supreme Court's decision in United States v. Booker, which held that the Sentencing Guidelines were advisory only.  543 U.S. 220 (2005).  Nonetheless, with regard to the Booker decision, the Third Circuit has explicitly stated that "[n]othing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines . . . . '[t]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).'"  Wise, 515 F.3d at 221.  Thus, the Third Circuit has made clear that the directives of the Commission remain binding on this Court, even after Booker.  Id.  Because Roman was sentenced under the career offender Guidelines set forth in § 4B1.1 and not under § 2D1.1, his sentence was not based on a section that was later reduced by the Commission.  This Court, therefore, has no statutory authority to reduce his sentence, and the Motion to Reduce Sentence must be denied.

      An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | : |                          |
|                              | : |                          |
| v.                           | : | CRIMINAL NO. 95-335-01   |
|                              | : |                          |
| SAMUEL ROMAN                 | : |                          |

## ORDER

**AND NOW**, this 7th day of July, 2008, in consideration of the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by Samuel Roman (Doc. No. 146), and the Government's response thereto, it is hereby **ORDERED** that the Motion is **DENIED.**

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE